IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>JIMMY DALE and CHRISTINA ANN PARNELL,<br><br>    Debtors, | Case No. 09-13211 |
| JIMMY DALE and CHRISTINA ANN PARNELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>AFNI, Inc.,<br><br>    Defendant. | Adv. Pro. No. _____<br><br><br>**JURY TRIAL REQUESTED**<br>**ATTORNEY'S LIEN CLAIMED** |

## COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

**JIMMY DALE and CHRISTINA ANN**, (hereinafter "Plaintiffs"), by and through their counsel, Robt S Coffey, assert a claim for willful violation of the automatic stay imposed in this case under 11 U.S.C. § 362, *et seq., i*n support of which Plaintiffs allege as follows:

### I. SUBJECT MATTER JURISDICTION

1. This Complaint arises from the Plaintiffs' Bankruptcy Case No. **09-13211** under Chapter 7 of Title 11 in the Northern District of Oklahoma, a proceeding under 28 U.S.C. § 157(b).

2. This is an action for money damages for violation of the automatic stay of 11 U.S.C. § 362, and for punitive damages, attorney's fees, and costs, against **AFNI, Inc.,** (hereinafter "Defendant").

3. Defendant, whose address is PO Box 4127, Concord, CA  94524, does business in the State of Oklahoma.

4. The acts violative of the automatic stay were carried out by Defendant, or by agents of Defendant in furtherance of their duties on Defendant's behalf.

5. The acts violative of the automatic stay occurred in the Northern District of the State of Oklahoma.

6. Venue lies in this Court pursuant to the facts of this case and 28 U.S.C. §§ 1408 and 1409.

## II.  FACTS

7. On October 12, 2009, Plaintiffs filed a petition with the U.S. Bankruptcy Court for the Northern District of Oklahoma.  **Defendant was served with notice of Plaintiff's bankruptcy case on October 15, 2009.**  Pursuant to the Bankruptcy Code at § 362, et seq., all creditors were thereafter enjoined from any further actions to collect on the Plaintiffs' pre-petition debts.

8. Nevertheless, on October 24, 2009, more than a week after notification of the instant bankruptcy, Defendant sent a bill demanding payment of Plaintiffs for a pre-petition obligation on Account No. 017171124-02.

9. By letter of November 16, 2009, Plaintiffs through counsel notified Defendant of its breach of the automatic stay at each of the addresses above noted, demanding remedial payment for Defendant's violation of the court's protective shield under Bankruptcy law.

10. Defendant ignored its obligation to take remedial, or for that matter any corrective action, in fact refusing to respond to Plaintiffs' communication at all.

11. The demands Defendant made of Plaintiffs were such that they placed even further strains upon them than those that they had sought the protection of the

Bankruptcy court to alleviate in the first instance, burdening them with attorney's fees, delay in the resolution of their case, and the stress of having to deal not only with the harassment they sought to escape with a Bankruptcy filing, but further legal entanglements as well.

### III. PLAINTIFF'S CAUSE OF ACTION: WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER (11 U.S.C. § 362)

Plaintiffs incorporate paragraphs 1 through 11 above as though fully set forth herein.

12. The acts of Defendant as they are outlined above are directly and willfully violative of 11 U.S.C. § 362 (*In re Johnson*, 501 F.3d 1163), which place Plaintiffs under the protection of an automatic stay..

13. Defendant is a business that regularly engages in the collection of consumer debt, well aware of the operation of the U.S. Bankruptcy Code in general, and the operation of and restrictions imposed by 11 U.S.C. § 362 in particular.

14. Punitive damages are appropriate when a Defendant having sufficient knowledge of the Bankruptcy court's automatic stay does not cease and desist collection efforts that are directly contrary to the provisions of that stay.

15. Punitive damages are necessary in this case in order to achieve the intended purpose of the Bankruptcy Code that creditors not take actions violative of of the automatic stay created precisely for the protection of vulnerable debtors.

16. Punitive damages are also necessary to provide Defendant, and all businesses of Defendant's stature, with sufficient economic incentive not only to put proper procedures in place, but to ensure that the procedures stay in place, to protect future vulnerable debtors from similar violations of the stay.

17. Given the fact that the Defendant corporation is a business regularly making collection efforts represented at all relevant times by professional counsel, and

considering the willful nature of its violation of the Bankruptcy Code, punitive damages of $1,500.00 for would not be unreasonable or violative of the constitutional protections afforded creditors in a position that dominates that of vulnerable creditors.

WHEREFORE, Plaintiffs pray for judgment against Defendant for actual and punitive damages in excess of $2,000.00.

FURTHER, Plaintiff prays for an award of reasonable attorney's fees and costs.

DATED this 19th day of December, 2009.

Respectfully submitted,

 /s/ **Robt S Coffey**
Robt S Coffey  #17001
1611 South Utica, No 287
Tulsa, OK 74104
(918) 361-9151
ATTORNEY FOR PLAINTIFF